IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CT-3183-FL

| | | |
|---|---|---|
| LAZARO ANDRES MARTINEZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| SERGEANT BANJOKO OFORE CORRELL,[1] | ) ) | |
| | ) | |
| Defendant. | ) | |

The matter comes before the court on defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) (DE 36), which was fully briefed. Also before the court is plaintiff's unopposed motion to amend his complaint (DE 40). In this posture, the issues raised are ripe for adjudication. For the following reasons, the court grants plaintiff's motion to amend and grants defendant's motion to dismiss.

### STATEMENT OF THE CASE

On September 21, 2012, plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that defendant Banjoko Ofore Correll ("Correll") acted with deliberate indifference to prison conditions in violation of the Eighth Amendment to the United States Constitution. Plaintiff also alleged that a John Doe physician defendant acted with deliberate indifference to his medical needs in violation of the Eighth Amendment. Correll subsequently filed a motion to dismiss pursuant to Rule 12(b)(6),

---

[1] The party plaintiff referred to as John Correll has informed the court that his correct name is Banjoko Ofore Correll. Accordingly, the court will hereinafter refer to this party as Banjoko Ofore Correll, and the Clerk of Court is DIRECTED to amend the caption of this action to reflect this change.

arguing that plaintiff failed to allege a constitutional violation. Alternatively, Correll asserts the affirmative defense of qualified immunity. The motion was fully briefed.

On October 28, 2013, plaintiff moved to amend his complaint to include an Eighth Amendment claim against Dr. Catherine A. Evans ("Evans"), alleging that Evans acted with deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment. Correll did not respond to plaintiff's motion to amend.

## STATEMENT OF FACTS

Viewing the facts in the light most favorable to plaintiff, plaintiff makes the following allegations. On January 31, 2012, while incarcerated at Central Prison, Correll escorted plaintiff to the shower while plaintiff was handcuffed behind his back. Plaintiff states that Correll did not escort him "with a soft touch to make sure that the plaintiff would not slip and fall and hurt himself, which is recommended inside of the D.O.C. policy and procedure that states whenever an inmate is being escorted on a wet or un-even surface, staff must escort them with a soft touch by their arm to make sure that the inmate doesn't fall or hurt himself inside of the process of being escorted from one place to another." (Compl. p. 3.)

As plaintiff entered the shower, "he slip[ped] and fell very hard and violently, due to the shower not requiring a shower mat which the plaintiff had been requesting on numerous occasions, due to inmates slipping and falling hurting themselves in the pas[t]." (Id. p. 4.) Plaintiff's prior request for a shower mat was denied. After the fall, plaintiff was transported to the hospital for x-rays and was diagnosed with a fractured arm.

Once the x-rays were complete, plaintiff was "sent back to his cell, and was only giv[en] Ibuprofen for pain, and was told that he would be seen by a Doctor the next day . . . But the plaintiff

2

was denied adequate[] medical care, where he was force to l[a]y inside of his cell for 8 days in severe and extreme pain where the plaintiff couldn't sleep, eat, write his family, brush his teeth or participate inside of normal daily activities due to the severity of his injury." (Id.) Plaintiff further states that he was "intentionally denied medical care for days where he wasn't seen by a Doctor until Feb. 8th 2012, where a cast was placed on his arm[.] On March 7th the plaintiff was seen by Dr. John, who the plaintiff had tried on numerous occasions to get the defendant(s) names who had participated inside of this incident but was constantly denied the right to obtain any of the defendants names." (Id. p. 6.) "The plaintiff had requested on numerous occasions for Dr. John Doe to prescribe him pain medication, but the defendant refused to do so, leaving the plaintiff in pain, after he knew that the plaintiff had done constantly complained about the pain that he was experiencing in his arm, because he had done place in numerous of sick call. The plaintiff had also requested for x-rays to be done on his back, due to the extreme, and severe paint that he was having inside of his upper and lower back area." (Id.)

**DISCUSSION**

A.     Motion to Amend

Plaintiff seeks to amend his complaint to include Evans as a defendant in this action. Pursuant to Federal Rule of Civil Procedure 15, a plaintiff may amend a pleading before trial once as a matter of course within twenty-one (21) days of service, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Plaintiff filed his motion to amend before defendants filed a responsive pleading, and plaintiff's complaint is the type of pleading that requires a responsive pleading. Thus, plaintiff's first motion to amend is ALLOWED

3

as a matter of course. Scinto v. Stansberry, 507 F. App'x 311, 312 (4th Cir. 2013). The court ALLOWS plaintiff to proceed against Evans, and the Clerk of Court is DIRECTED to add Evans as a defendant in this action.

B.     Motion to Dismiss

    1.     Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

B.     Analysis

Correll asserts the defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v.

4

as a matter of course. Scinto v. Stansberry, 507 F. App'x 311, 312 (4th Cir. 2013). The court ALLOWS plaintiff to proceed against Evans, and the Clerk of Court is DIRECTED to add Evans as a defendant in this action.

B.     Motion to Dismiss

    1.     Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

B.     Analysis

Correll asserts the defense of qualified immunity. Government officials are entitled to qualified immunity from civil damages so long as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v.

Fitzgerald, 457 U.S. 800, 818 (1982). In other words, a government official is entitled to qualified immunity when (1) the plaintiff has not demonstrated a violation of a constitutional right, or (2) the court concludes that the right at issue was not clearly established at the time of the official's alleged misconduct. Pearson v. Callahan, 555 U.S. 223, 236 (2009).

"In order to make out a *prima facie* case that prison conditions violate the Eighth Amendment, a plaintiff must show both '(1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials.'" Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir. 1993) (quoting Williams v. Griffin, 952 F.2d 820, 824 (4th Cir. 1991)). The Supreme Court has explained that the first prong is an objective one–the prisoner must show that "the deprivation of [a] basic human need was objectively 'sufficiently serious'"–and the second prong is subjective–the prisoner must show that "subjectively 'the officials act[ed] with a sufficiently culpable state of mind.'" See Strickler, 989 F.2d at 1379 (quotations omitted).

Plaintiff, in his response to Correll's motion to dismiss, concedes that he failed to adequate allege that Correll acted with deliberate indifference to plaintiff's serious medical needs in violation of the Eighth Amendment. Accordingly, this claim is DISMISSED without prejudice. See Fed. R. Civ. P. 41(a).

The court now turns to plaintiff's allegation that Correll acted with deliberate indifference to plaintiff's safety while escorting plaintiff to the shower area. Plaintiff contends that North Carolina Department of Public Safety policy provides that correctional officers escort inmates with a "soft touch" to minimize the risk of slip and fall injuries. However, the mere violation of a prison regulation does not automatically rise to the level of a constitutional violation cognizable under § 1983. Sandin v. Conner, 515 U.S. 472, 481–82 (1995) (stating that prison regulations are

5

primarily designed to guide correctional officials in the administration of a prison and not designed to confer rights on inmates). Plaintiff, further, has not made any allegations that Correll acted with any intent to cause plaintiff harm. Nor is there any indication that Correll knew that the manner in which he was escorting plaintiff to the shower would cause plaintiff injury. Rather, at most, plaintiff's allegations could be construed as negligence, and alleged negligence conduct is insufficient to state a § 1983 claim. See, e.g., County of Sacramento v. Lewis, 523 U.S. 833, 849 (1998) ("[T]he Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold" of constitutional protections); see also, Beasley v. Anderson, No. 02-11114, 2003 WL 21108537, at *1 (5th Cir. Apr. 22, 2003) (finding prisoner's claim that he slipped and fell on slippery shower floor sounded in negligence and was insufficient to allege a constitutional violation); Rankins v. Hargrave, No. 3:14-cv-194-FDW, 2014 WL 1910792, at *3 (W.D.N.C. May 13, 2014) (citing LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993)); Bey v. Bailey, No. 3:11-cv-489-RJC, 2013 WL 2480661, at *2 (W.D.N.C. June 10, 2013) ("[C]ourts have repeatedly held that slip and fall cases do not implicate the Constitution.") (citing Bacon v. Carroll, 232 F. App'x 158, 160 (3d Cir. 2007)).

Based upon the foregoing, plaintiff fails to state an Eighth Amendment claim against Correll.[2] Because plaintiff failed to state a claim for his claim against Correll, the court does not reach the issue of qualified immunity.

**CONCLUSION**

Based upon the foregoing, the court GRANTS plaintiff's motion to amend (DE 40), and the Clerk of Court is DIRECTED to add Evans as a defendant in this action. The Clerk also is DIRECTED to amend the caption of this action to change John Correll to Banjoko Ofore Correll. Correll's motion to dismiss (DE 36) is GRANTED, and plaintiff's claims against Correll are DISMISSED without prejudice. Finally, the clerk is DIRECTED to enter an initial order after Evans files an answer to plaintiff's complaint.

SO ORDERED, this the 13th day of August, 2014.

_____
LOUISE W. FLANAGAN
United States District Judge

---

[2] To the extent plaintiff's action could be construed as a negligence claim against Correll, plaintiff may not bring such claim in this court. See Stewart v. North Carolina, 393 F.3d 484, 490 (4th Cir.2005) (noting that North Carolina may be sued for negligence before the North Carolina Industrial Commission but that North Carolina has not consented to suit in its own courts for claims of gross negligence or intentional torts); Hooper v. North Carolina, 379 F. Supp.2d 804, 812–13 (M.D.N.C.2005) (explaining that "the State of North Carolina has not waived its sovereign immunity regarding any tort claims other than claims of negligence brought before the Industrial Commission under Article 31 of Chapter 143 of the Tort Claims Act").